**Opinion issued July 15, 2025**



In the

# Court of Appeals

for the

# First District of Texas

———————————

**NO. 01-22-00080-CV**

———————————

**DAVID HERBIG, TRUSTEE OF THE WELCH FAMILY TRUST C,**
**Appellant**

**v.**

**JEANNE MANRY WELCH, TRUSTEE OF THE**
**WELCH MANRY FAMILY TRUST,**
**Appellee**

---

**On Appeal from the 164th Judicial District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-07680**

---

## MEMORANDUM OPINION

Appellant David Herbig, Trustee of the Welch Family Trust C appeals from

(1) a November 9, 2020 order granting summary judgment in favor of appellee

Jeanne Manry Welch, Trustee of the Welch Manry Family Trust (the Summary Judgment Order), (2) a May 26, 2021 order denying appellant's motion to overrule objections and compel responses to requests for production, and (3) a final judgment dated January 8, 2022 (the Final Judgment).

On June 27, 2023, this Court issued an opinion vacating a portion of the Summary Judgment Order, incorporated into the Final Judgment, that voided a warranty deed from grantor Jeanne F. Welch a/k/a Jeanne F. Manry, Trustee of the Welch Manry Family Trust, to grantee Lewis Sims, Successor Trustee of the Welch Family Trust B, dated October 7, 2019, and filed in the Official Public Records of Blanco County, Texas under File No. 193583. This Court affirmed the remainder of the trial court's judgment as modified.

On September 26, 2023, before the Court's extended deadline to file a motion for rehearing from its June 27, 2023 decision, appellee filed an unopposed motion to abate the appeal pending mediation, which this Court granted on October 5, 2023. This Court has since granted several unopposed or joint requests to continue the abatement of the appeal pending mediation. In an April 28, 2025 letter, the parties asked the Court to continue the abatement of the appeal an additional two weeks, and noted they anticipated it would be their last such request.

On May 1, 2025, the parties filed a joint motion pursuant to rules 42.1 and 43.2 of the Texas Rules of Appellate Procedure. In the motion, the parties stated

2

they had reached a settlement in which they had agreed to no longer pursue litigation in this matter. To effectuate the settlement agreement, the parties asked this Court to: (1) reinstate the appeal; (2) vacate its June 27, 2023 judgment; (3) withdraw its June 27, 2023 opinion; (4) vacate the trial court's Summary Judgment Order and Final Judgment, and dismiss the case with prejudice with each party to bear his or her own costs; and (5) dismiss this appeal, with each party to bear his or her own costs.

Under rule 42.1(a)(2) of the Texas Rules of Civil Procedure, the Court may dispose of an appeal in accordance with "an agreement signed by the parties or their attorneys **and filed with the clerk**." (Emphasis added.) Because the parties' May 1, 2025 joint motion did not include a copy of the settlement agreement referenced in the motion, we issued on June 5, 2025 an order stating that: "Unless a copy of the parties' settlement agreement is filed **within 10 days** of the date of this order, we will construe the parties' joint motion as requesting that this Court (1) reinstate the appeal, (2) vacate its June 27, 2023 judgment, (3) withdraw its June 27, 2023 opinion, and (4) reverse the trial court's Summary Judgment Order and Final Judgment and remand to the trial court to render judgment in accordance with the parties' settlement agreement. *See Run v. Xu*, No. 01-23-00917-CV, 2024 WL 3892463, at *1 (Tex. App.—Houston [1st Dist.] Aug. 22, 2024, no pet.) ('Because

this Court lacks a copy of the settlement agreement, we construe the motion as requesting reversal and remand to the trial court.')."

On June 16, 2025, the parties responded via letter to the Court's June 5, 2025 order and attached to that letter a copy of the settlement agreement referenced in their May 1, 2025 joint motion. Accordingly, we reinstate the appeal and withdraw our opinion and judgment dated June 27, 2023. We order: (1) the trial court's November 9, 2020 summary judgment order is vacated, (2) the trial court's final judgment dated January 8, 2022 is vacated, (3) appellee's suit is dismissed with prejudice, with each party to bear his or her own costs, and (4) the appeal is dismissed, with each party to bear his or her own costs. The parties' April 28, 2025 request to continue the abatement is denied as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Gunn, and Dokupil.[1]

---

[1] The Honorable Sarah Beth Landau and the Honorable Julie Countiss, former Justices of this Court, were members of the Panel when the original proceeding was submitted and participated in our June 27, 2023 decision. Their terms of office expired on December 31, 2024, and they did not participate in this decision. *See* TEX. R. APP. P. 49.3.